UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-62161-CIV-COHN-SELTZER

BILL TAYLOR,

    Plaintiff,

vs.

DISALVO'S & SONS II, INC.

    Defendant.
_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the court upon Plaintiff's Verified Motion for Final Default Judgment [DE 11]. Plaintiff seeks entry of an Order for injunctive relief and to for the Court to retain jurisdiction over entitlement and amount of Plaintiff's attorney's fees and costs. Defendant has failed to respond to the motion by the deadline of February 3, 2012.

The Court having carefully considered the motion and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** as follows:[1]

1. Plaintiff's Verified Motion for Final Default Judgment [DE 11] is hereby **GRANTED**;

2. Final Judgment is hereby entered in favor of the Plaintiff, BILL TAYLOR and against Defendant, DISALVO'S & SONS II, INC. ("Defendant") in the form of injunctive relief. The Defendant has violated the Americans with Disability Act and the Honorable Court hereby orders the Defendant to correct the following

---

[1] The following language is taken from Plaintiff's Proposed Final Default Judgment, filed on the record at docket entry 11-3.

architectural barriers and violations of the ADA as follows:

**Restrooms**

a. Signs which designate disabled restroom facilities are not properly marked to comply with ADAAG 4.30.4, 4.30.5, and 4.30.6.

b. Hot water pipes under lavatories are not insulated in violation of ADAAG 4.19.4.

c. Lavatories (sink) lack sufficient leg clearance in violation of ADAAG 4.19.2.

d. Restrooms lack sufficient clear floor space to permit turns by persons using wheelchairs. See ADAAG 4.13.5 and/or 4.13.6

e. Faucet in the restroom sink does not comply with ADAAG 4.24.7, 4.19.5 and 4.27.4 in that they require grasping and/or punching to operate.

f. The size and arrangement of toilet stalls is in violation of ADAAG 4.17.3 and Figure 30(a).

g. There is insufficient turning radius for wheelchair users in the male and female bathroom stalls in violation of applicable sections of the ADAAG.

h. The bathroom mirror exceeds the maximum height permitted by the ADAAG.

i. There is insufficient clear floor space of at least 30" x 48" provided in front of the lavatory for persons in wheelchairs caused by the urinal partition in violation of applicable sections of the ADAAG.

j. The height of the urinal exceeds the maximum allowable height in violation of ADAAG 4.18.2.

**Accessible Elements in the Facility**

    a. The clearance space of the entry door to the Facility is less than 32 inches in violation of 4.13.5 of the ADAAG.

    b. The Facility lacks an accessible route, or in the alternative, the width of the accessible route is inadequate and therefore in violation of ADAAG 5.3, 4.3.2 & 4.3.3

    c. There is not a continuous path of travel connecting all essential elements of the restaurant in violation of sections 4.3.1 and 4.3.2 of the ADAAG.

    d. The door opening force required to open the entrance door to the Facility exceeds the maximum force permitted and is in violation of Section 4.13.11 of the ADAAG.

3. The Defendant shall comply with the terms of this Final Judgment within one hundred and twenty (120) days of entry of this Judgment;

4. The Clerk may close this case, though the Court shall retain jurisdiction relating to the Plaintiff's attorney's fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 9th day of February, 2012.

JAMES I. COHN
United States District Judge

Copies Furnished:
All counsel and pro se parties via CM/ECF